GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* COLLAZO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Damages.

No. 1598.—Decided July 26, 1917.

DAMAGES—FAULT OR NEGLIGENCE—TRESPASS—LIMITATION.—According to section 1869 of the Civil Code in connection with section 1803 of the same, an action to recover damages caused by the defendant's having entered upon the property of the plaintiff and harvested and appropriated the crop to his own use, as well as having destroyed a house thereon and seeds and plants, is barred by limitation in one year. Such acts constitute trespass and are punishable, perhaps, under section 517 of the Penal Code.

ID.—PERSONAL ACTION.—When a person is prevented from recovering land by the wrongful acts or transfers of another, a cause of action accrues to the injured person as a substitute for the real action which he otherwise would have had.

The facts are stated in the opinion.

*Messrs. Francis & Soto* for the appellant.

*Messrs. Reichard & Reichard* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The question in this case is whether the action has prescribed by virtue of section 1869 of the Civil Code, which is as follows:

"Sec. 1869.—The following prescribe in one year:

"1. Actions to recover or retain possession.

"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 1803, from the time the aggrieved person had knowledge thereof."

Section 1803 is as follows:

"Sec. 1803.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done."

The complaint in this case, filed on August 2, 1915, is entitled "In Damages" (*daños y perjuicios*), and the acts complained of are:

A. That in October, 1912, the defendant and his agents entered upon the property of the complainant and appropriated the crop of coffee amounting to $240.

B. That in August, 1913, similarly entering under the orders of the defendant, a house on the same property of the value of $50 was destroyed.

C. That on the same date, similarly entering, seeds and saplings for a replanting were destroyed under orders of the defendant.

D. That defendant, toward the end of 1913, entered the property and appropriated another crop of coffee amounting to $260.

E. That in October, 1914, the defendant appropriated another crop of coffee amounting to $180.

The complainant had previously filed a suit against the defendant to try the title (*pleito de mejor derecho*) and had obtained an unappealable judgment against him on February 16, 1915.

Appellant maintains that with the exception of the acts which took place in October, 1914, all the other acts have prescribed, and we agree with him. This court has generally treated all actions involving fault or negligence, which are known to American law as torts, as arising by virtue of section 1803. *Busó et al.* v. *Martínez,* 18 P. R. R. 997; *Colls* v. *Municipality of Lares,* 23 P. R. R. 805; *Dottin* v. *Rigo & Co.,* 22 P. R. R. 382; *Hernández* v. *Benet et al.,* 22 P. R. R. 538; *Parés* v. *Ruiz,* 19 P. R. R. 326, and cases cited. See also *Porto Rico* v. *Emmanuel,* 235 U. S. 251. The only exception is the case mentioned in *Carmona* v. *Cuesta,* 20 P. R. R. 215, cited by the court below, but the action in that case, as we pointed out there and have since pointed out, was a special one arising under section 38 of the Mortgage Law. The idea is that when a person is prevented from recovering land by the wrongful acts or transfers of another, a cause of action arises in the injured person which is a substitute for the real action which he otherwise would have had.

We agree with the appellee that the mere fact that he described his action as one for *daños y perjuicios* would not give rise to prescription; but we hold that all the acts, as described, would fall under section 1803 and under no other section. The appellee insists on the bad faith of the appellant and this is another indication of the tortious nature of the acts of which complaint is made.

We cannot agree with the appellee that section 1803 excludes cases which arise from no obligation or from no penal act or "fault" (*falta*), as distinguished from "blame" (*culpa*). The defendant is described as penetrating the land and appropriating crops and doing other violent acts. It is

nowhere alleged that the crops taken were the natural fruits of the land or who planted them, but all the acts mentioned are described as trespasses, if not as penal acts punishable, perhaps, under section 517 of the Penal Code. The answer of the defendant, it is true, claims the possession of the land in question, and even if it might be considered that the issue was joined on the question of fruits *vel non,* yet the appropriation of fruits also constitutes tortious acts arising under section 1803, at least when such an action is brought independently. Here there is no action of revendication in which the fruits may be considered as accessory or the substitute for such action under section 38 of the Mortgage Law. There is no possibility of considering the suit as the exception marked in *Carmona* v. *Cuesta, supra,* because the property has not been conveyed to a third person.

The only other point is the question of bad faith on the part of the appellant. This was a question of fact and in the absence of a clear conviction of error we feel bound to follow the court below.

The judgment must be reversed and another rendered for $180, but without costs or counsel fees as the amount recovered is below $500.

*Reversed and substituted.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.